GREGORY K. JONES, State Bar No. 181072
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067
Telephone:  (424) 214-7000
Facsimile:  (424) 214-7010

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO. 2:21-bk-12761-BB |
| | Chapter 7 |
| ADVANCED ENVIRONMENTAL GROUP, LLC, | **MOTION OF CHAPTER 7 TRUSTEE FOR ORDER:** |
| Debtor. | **(1) AUTHORIZING SALE OF PRE-PETITION CLAIMS TO GOLO, LLC, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, SUBJECT TO OVERBID; AND** |
| | **(2) APPROVING OVERBID PROCEDURES;** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGORY K. JONES IN SUPPORT THEREOF** |
| | [11 U.S.C. § 363; Fed.R.Bankr.P. 6004] |
| | Date:  May 24, 2023<br>Time: 10:00 a.m.<br>Place:  Courtroom 1539<br>255 East Temple Street<br>Los Angeles, CA 90012 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND OTHER PARTIES IN INTEREST:**

Gregory K. Jones, the duly appointed, qualified, and acting Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor" or "AEG"), hereby moves this Court (the "Motion") for an Order:

1.      Authorizing the sale of any and all of the Estate's litigation claims (the "Estate Claims"), free and clear of liens, claims, interests and encumbrances, to the Buyer (as such term is defined below) on the terms and conditions set forth in the agreement attached to the Declaration of Gregory K. Jones as Exhibit 1 (the "Agreement"), or to another bidder as set forth herein (whichever the case may be); and

2.      Approving the proposed overbid procedures set forth herein that would permit other parties to submit bids to acquire the Estate Claims.

**<u>Brief Description of the Estate Claims (the Assets to be Sold)</u>**

The Trustee seeks to sell any and all pre-petition litigation claims the Estate holds to GOLO, LLC (the "Buyer" or "GOLO") or the Winning Bidder (as defined below).  The assets to be sold include "all claims, causes of action, choses in action, right of recovery and rights of set-off (whether choate or inchoate, known or unknown, contingent or non-contingent) capable of being asserted by or on behalf of the Debtors or their bankruptcy estates, against any person or entities, including all claims under chapter 5 of the Bankruptcy Code."  Agreement, at 1.

## Summary of Terms of Sale to the Buyer[1]

By this Motion, the Trustee seeks to sell the Estate Claims, free and clear of any and all liens, claims and interests, to the Buyer on an "as is, where is" basis for a lump-sum payment of $7,500 (subject to increase in the event of an Overbid), which will be equally split between the AEG Estate and estate of Advanced Cleanup Technologies, Inc. ("ACTI"). The Trustee makes no representations or warranties whatsoever regarding the Estate Claims.

The Buyer has transfered to the Trustee a cashier's check for the sum of $3,750.00, to be held in trust pending disposition of this Motion in the event that the Buyer is the Winning Bidder(s).

The Trustee's sale of the Estate Claims to the Buyer is subject to overbid. As set forth below, in the event the Buyer is the Winning Bidder(s) but at a higher sale price, the $3,750 tendered by the Buyer shall be deemed a deposit and applied towards the total and final purchase price, with the balance paid within five calendar days following entry of the order approving the sale of the Estate Claims to the Buyer. In the event the Buyer fails to tender the balance of the purchase price by such date, the Buyer's deposit shall become non-refundable and be forfeited to the Trustee.

In the event the Buyer is not the Winning Bidder, the Trustee shall refund the $3,750.

## Proposed Overbid Procedures

As noted above, the proposed sale of the Estate Claims to GOLO is subject to overbid pursuant to the following proposed overbid procedures (the "Overbid Procedures"):

---

[1] The terms and conditions of the sale of the Estate Claims to the Buyer is more particularly set forth in the Agreement appended to the Jones Declaration as Exhibit 1. In the event of any inconsistency between the summary set forth herein and the Agreement, the Agreement shall control.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

(1)    <u>Intent to Bid and Overbid Amount</u>

Any party wishing to bid on the Estate Claims ("<u>Overbidder</u>") shall advise the Trustee (contact information above), in writing, of his or her intent to bid on the Estate Claims and the amount of the overbid (which must be at least $500.00 more than the current cash component of the selling price of $3,750) (the "<u>Overbid</u>"), by no later than 5:00 p.m., Pacific Standard Time, on the business day that is at least two days prior to the hearing on this Motion (the "<u>Overbid Deadline</u>").  In his absolute and sole discretion, the Trustee shall have the right to accept additional overbids submitted prior to the hearing but after the Overbid Deadline.

(2)    <u>Payment of Deposit</u>

Any Overbidder shall provide the Trustee with a cashier's check, payable to "Gregory K. Jones, Chapter 7 Trustee of the Bankruptcy Estate of Advanced Environmental Group, LLC" in an amount that is at least 50% of the total amount of the Overbid (but only up to a maximum of the current cash component of the sale price of $3,750) to serve as a deposit towards the total purchase price (the "<u>Deposit</u>").  The Deposit must be delivered so that it is <u>received</u> by the Trustee (whose name and address is set forth on the corner of the first page of this Motion) by no later than the Overbid Deadline.

In the event of any Overbid, the $3,750 tender from the Buyer shall serve as the Buyer's Deposit.

(3)    <u>Evidence of Financial Ability to Perform</u>

Any Overbidder must provide the Trustee with evidence of the proposed buyer's financial ability to pay the full amount of the Overbid so that such evidence is received by the Trustee by no later than the Overbid Deadline.  In the event a proposed bidder (including, but not limited to, the Buyer) submits a higher bid at the hearing, sufficient evidence of that party's ability to pay the full amount of the higher bid must be provided to the Trustee at the hearing.

1

    (4)    <u>Multiple Bids and Auction</u>

2

    In the event the Trustee receives multiple Overbids in the same amount, the

3 Trustee will accept the Overbids in the order they are received such that only the

4 Overbidder submitting such bid first will be deemed to have made a bid in such

5 amount and the other Overbidders will need to increase their bid to be eligible to

6 purchase the Estate Claims.

7

    All parties who have submitted timely bids and otherwise satisfied the

8 foregoing requirements will be able to participate in an auction to be conducted at

9 the hearing on the Motion as is necessary in order to increase their bid.

10

    The Trustee will request authority to sell the Estate Claims to the bidder who

11 makes the highest and best Overbid (the "<u>Winning Bidder</u>"), and for authority to

12 sell the Estate Claims to the next highest and best Overbidder if the Winning

13 Bidder fails to perform.[2]

14

    (5)    <u>Tender of Balance of Purchase Price</u>

15

    The Winning Bidder's Deposit shall be applied towards the total and final

16 purchase price.  The Winning Bidder must tender the balance of the total and final

17 purchase price to the Trustee via cashier's check within five calendar days

18 following entry of the order approving the sale of the Estate Claims to such

19 Winning Bidder.  To the extent the Winning Bidder fails to tender the balance of

20 the purchase price by such date, that bidder's entire Deposit shall become non-

21 refundable and be forfeited to the Trustee.

22

    To the extent the Buyer or any other Overbidder is not the Winning Bidder,

23 that party's Deposit will be refunded by the Trustee.

24

25

26

27

---

28

[2]    The Trustee is unaware of any tax consequences to the estate resulting from the proposed sale.

(6)    <u>Agreement to Terms and Overbid Procedures</u>

Any Overbidder's tender of the Deposit to the Trustee shall serve as that Overbidder's agreement with these proposed overbid procedures and the terms of the sale of the Estate Claims discussed herein.

This Motion is made pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f)(2), and Federal Rules of Bankruptcy Procedure 6004 on the grounds that, based on the Trustee's sound business justification, the Trustee believes that the sale of the Estate Claims as set forth herein is in the best interests of the Estate for, at least, the following reasons:

1.    Although prosecution of the causes of action may potentially yield a greater result than the proposed purchase price, based on the Trustee's investigation, litigating the claims would be complicated and difficult, and require substantial time, effort and resources unavailable to the Estate.  Indeed, to date, the Trustee has been unable to secure special litigation counsel to handle these matters; and

2.    The proposed sale is subject to overbid, which will allow the Estate to achieve a higher price for the Estate Claims in the event another party believes the Estate Claims have more value and/or has the resources and desire to prosecute the claims.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Gregory K. Jones, the exhibits to the accompanying declaration, the concurrently-filed Notice of Motion and Local Rule Form 6004-2, the record in this case, all facts and documents that are judicially noticeable, and any other or further evidence or argument presented to the Court prior to or at the hearing on this Motion.

**PLEASE TAKE NOTICE** that May 10, 2023 is the date by which objections to this Motion must be filed.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

-6-

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order: (1) granting the Motion; (2) approving the Agreement attached as Exhibit 1 to the Jones Declaration and authorizing the sale of the Estate Claims to the Buyer, free and clear of liens, claims, interests and encumbrances, on the terms set forth in the Agreement, or otherwise authorizing the sale of the Estate Claims to the Winning Bidder as set forth herein; (3) approving the Overbid Procedures; and (4) providing such other and further relief as is proper.


DATED:  April 27, 2023                    Respectfully submitted,


By:   /s/ *Gregory K. Jones*
      Gregory K. Jones
      Chapter 7 Trustee

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The Trustee hereby submits the following Memorandum of Points and Authorities in support of the foregoing motion (the "Motion").[3]

## **I.**

## **FACTS**

### **A.    Background**

On April 5, 2021, an involuntary chapter 7 petition was commenced against the Debtor.  See Docket No. 1.  On September 7, 2021, the Office of the United States Trustee appointed the Trustee to the Debtor's case, which had been converted to chapter 11 in the interim.

On February 18, 2022, the Court entered its "Order Granting Chapter 11 Trustee's Motion for Order:  (1) Approving Bidding Procedures for Sale of Substantially All Assets of the Estate; (2) Authorizing Sale of Assets Free and Clear of Liens, Claims, and Interests to Golo, LLC and Pacific6 Environmental, LLC and/or Their Assignee, or Other Bidder; (3) Authorizing Assumption and Assignment of Executory Contracts, and/or Transfer of Estate's Rights Therein to Buyer; (4) Approving Asset Purchase Agreement and Related Terms and Conditions; (5) Determining that Buyer is a Good Faith Purchaser; (6) Ordering Ruben Garcia to Sign a Declaration as to the Status of Assets; and (7) Granting Ancillary Relief" (the "Sale Order") [Docket No. 151], which, *inter alia*, authorized the sale of substantially all of the Debtor's assets to Golo and Pacific 6 (collectively, the "Purchasers").

The Estate Actions were not obtained by the Purchasers through the Sale Order.  On August 26, 2022, the case was converted to Chapter 7, and the Trustee was named trustee of the bankruptcy estate.

---

[3] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Notice of Motion.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

**B.**      **The Estate Claims**

Under the terms of the Agreement, the Estate Claims are defined as "all claims, causes of action, choses in action, right of recovery and rights of set-off (whether choate or inchoate, known or unknown, contingent or non-contingent) capable of being asserted by or on behalf of the Debtors or their bankruptcy estates, against any person or entities, including all claims under chapter 5 of the Bankruptcy Code."  Agreement, at 1.

**C.**      **The Trustee's Investigation of the Actions and Efforts to Retain Special Litigation Counsel**

Since his appointment in this case, the Trustee has investigated the Estate Claims and attempted to seek litigation counsel to represent him the assertion of such claims. More specifically, the Trustee: (1) reviewed and analyzed the Debtor's books and records and documents turned over to him during his role as chapter 11 and 7 trustee; (2) reviewed other pleadings where potential defendants were already named as defendants in separate state court cases; (3) discussed the Estate Claims, including factual issues, complexity and overall merits, with his counsel; and (4) contacted numerous counsel to discuss the relevant issues of potential complaints against third parties.

Based on such investigation, the Trustee determined that litigating the Estate Claims would be costly, time-consuming, involve complex factual and forensic accounting issues and would require the expenditure of resources unavailable to the Trustee.

Despite the foregoing, the Trustee sought to retain special litigation counsel on a contingency basis to prosecute the Estate Claims on the Trustee's behalf.  The Trustee has reached out to over ten (10) potential litigation firms.  Those efforts have been unsuccessful.  Further, the Trustee's general bankruptcy counsel is not agreeable to litigate the Estate Claims on the Trustee's behalf.

## II.

## THE COURT SHOULD APPROVE THE PROPOSED SALE

## OF THE ESTATE CLAIMS,

## FREE AND CLEAR OF LIENS, TO THE WINNING BIDDER

**A.      Standard for Authorizing a Sale of Estate Property Free and Clear**

Section 704(a) provides, in part:

> (a) The trustee shall—
>
>> (1) collect and reduce to money the property of the estate for which the trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

11 U.S.C. § 704(a)(1). Section 363 provides one of the means to accomplish this task.

That section provides, in part:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]

11 U.S.C. § 363(b)(1).

Generally, the sale of estate property outside the ordinary course of business only need be within the sound business judgment of the trustee. As one court held:

> Section 363 of the Bankruptcy Code addresses the [trustee's] use of property of the estate and incorporates a business judgment standard.
>
> * * *
>
> <u>The business judgment standard in section 363 is flexible and encourages discretion.</u> "Whether the proffered business justification is sufficient depends on the case . . . [T]he bankruptcy judge 'should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike.'"

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

ASARCO, Inc. v. Elliot Mgmt. (In re Asarco, L.L.C.), 605 F.3d 593, 601 (1st Cir. 2011) (emphasis added). See, also, Institutional Creditors of Continental Air Lines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 780 F.2d 1223, 1226 (5th Cir. 1986); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); Walter v. Sunwest Bank (In re Walter), 83 B.R. 14, 19-20 (9th Cir. BAP 1988) (citing In re Continental Air Lines, Inc., 780 F.2d 1223 (5th Cir. 1986).

Section 363(f) provides the circumstances under which property of the estate may be sold free and clear of any liens, claims, interests or encumbrances:

> The trustee may sell property under subsection (b) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity would be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  The Trustee need demonstrate the presence of only one of these scenarios to permit a sale free and clear of interests.  See In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988).

As discussed below, this Court should approve the sale of the Estate Claims free and clear of any and all liens, claims, interests and encumbrances.

**B.** **The Sale is Based on the Trustee's Sound Business Justification and is in the Best Interests of the Estate**

The Trustee seeks to sell the Estate Claims to the Buyer or any other party that is the Winning Bidder.  The Estate Claims are defined as "all claims, causes of

action, choses in action, right of recovery and rights of set-off (whether choate or inchoate, known or unknown, contingent or non-contingent) capable of being asserted by or on behalf of the Debtors or their bankruptcy estates, against any person or entities, including all claims under chapter 5 of the Bankruptcy Code." Agreement, at 1.

Whereas prosecution of the Estate Claims may yield a greater result than the proposed purchase price, based on the Trustee's investigation discussed above, the Trustee has concluded that litigating the Estate Claims would be complicated and difficult, and require substantial time, effort and resources that simply are not available to the Estate.  More specifically, based on the Trustee's investigation, prosecution of the Estate Claims would require ferreting through complex factual and accounting issues. The Estate does not have the resources to proceed down such a path and, the courts will not allow the Estate Claims to linger.

Irrespective of the merits of any of the claims, the Estate has been unable to secure special litigation counsel to litigate the matters on behalf of the Estate. Most significantly, the Trustee's requests of other prospective counsel to take the cases – which included discussions with over ten (10) other firms – have also been unsuccessful.

Finally, the proposed sale is subject to overbid.  In other words, to the extent any party has the resources and willingness to prosecute the Estate Claims, or otherwise believes there is more value in the claims, they have the right to submit their bid.

Based on the foregoing, the Trustee believes that the sale of the Estate Claims is the most prudent course of action and is in the best interests of the Estate.

## C.    <u>This Court May Authorize the Sale Free and Clear of Liens</u>

In the present case, the Trustee is unaware of any parties that possess liens in the Estate Claims.  If any parties object to the Agreement on the grounds that they

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

-12-

1   possess a secured claim in the Estate Claims, the Trustee will examine such

2   assertions and determine if they are subject to a bona fide dispute.

3       Based on the foregoing, the sale may be approved free and clear of liens.

4   **D.    <u>The Court Should Approve the Overbid Procedures</u>**

5       The sale of the Estate Claims is subject to overbid. The particular Overbid

6   Procedures proposed are set forth above.  The Trustee believes that the Overbid

7   Procedures are fair, reasonable, and will ensure that the Estate receives the best

8   offer for the Estate Claims.  The minimal Overbid required to qualify as an

9   Overbidder is not high, and the amount of the Deposit required will not exceed the

10  Deposit already tendered by the Buyer.

11      As a result, this Court should approve the Overbid Procedures.

12                          **III.**

13                      **<u>CONCLUSION</u>**

14      Based on the foregoing, the Motion should be granted.

15

16  DATED:  April 26, 2023              Respectfully submitted,

17

18

19                          By:   <u>/s/ *Gregory K. Jones*</u>
20                                Gregory K. Jones
                                  Chapter 7 Trustee
21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

1

## <u>DECLARATION OF GREGORY K. JONES</u>

2      I, Gregory K. Jones, declare as follows:

3      1.      I am an individual over the age of eighteen, and I am the duly

4  appointed, qualified, and acting Chapter 7 trustee in the above-captioned

5  bankruptcy estate.

6      2.      Except as otherwise indicated, all statements made herein are based

7  on my personal knowledge or my review of relevant documents.

8      3.      I make and execute this declaration in support of the foregoing

9  "Motion of Chapter 7 Trustee for Order:  (1) Authorizing Sale of Pre-Petition

10  Claims to GOLO, LLC, Free and Clear of Liens, Claims, Interests and

11  Encumbrances, Subject to Overbid; and (2) Approving Overbid Procedures" (the

12  "<u>Motion</u>").[4]

13      4.      A true and correct copy of the agreement between the Buyer and me,

14  solely in my capacity as the Trustee, for the sale and purchase of the Estate Claims,

15  which has been executed by the Buyer, is appended to this declaration as <u>Exhibit 1</u>.

16      5.      Based upon the investigation of the Estate Claims that has been

17  conducted, I believe that approval of the sale of the Estate Claims to the Winning

18  Bidder is in the best interests of the Estate for all the following reasons:

19      a.      Whereas prosecution of the Estate Claims may yield a greater

20  result than the proposed purchase price, based on the information discovered to

21  date, I have concluded that litigating the Estate Claims would be complicated and

22  difficult, and require substantial time, effort and resources that simply are not

23  available to the Estate.  For example, I am informed that prosecution of the Estate

24  Claims would require ferreting through complex factual and accounting issues, and

25  the Estate does not have the resources to proceed down such a path.

26

27

28

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Motion or the accompanying memorandum of points and authorities.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

b.      Irrespective of the merits of any of the claims, the Estate has been unable to secure special litigation counsel to litigate the matters on behalf of the Estate.  Most significantly, my requests of other prospective counsel to take the case – which included discussions with ten (10) other firms – have also been unsuccessful.

c.      The current offer from the Buyer is the only one that I have received to date.  However, in an effort to maximize the value of the Estate Claims to the Estate, I have determined to have the proposed sale be subject to overbid pursuant to the Overbid Procedures.  In other words, to the extent any party has the resources and willingness to prosecute the Estate Claims, or otherwise believes there is more value in the claims, they will have the right opportunity to submit their bid.

6.      Based on the foregoing, I believe that the proposed sale of the Estate Claims is the most prudent course of action and is in the best interests of the Estate.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 27, 2023, at Los Angeles, California.


        _____/s/ *Gregory K Jones*_____
            Gregory K. Jones

# EXHIBIT 1

## CLAIMS PURCHASE AGREEMENT

This Claims Purchase Agreement (the "**Agreement**") is entered into as of April __, 2023, by and between, Gregory K. Jones, in his sole and limited capacity as Chapter 7 Trustee ("**Seller**") of Advanced Environmental Group, LLC ("**AEG**"), a California limited liability company, and Advanced Cleanup Technologies, Inc., a  California corporation ("**ACTI**" and, with AEG, each a "**Debtor**" and collectively, "**Debtors**"), and GOLO, LLC, a California limited liability company ("**Buyer**"). Golo and the Trustee shall be referred to herein individually as a "**Party**" or collectively as the "**Parties.**"

### R E C I T A L S

The Parties enter into this Agreement with reference to the following facts:

A.    On April 5, 2021, Golo and other creditors filed involuntary chapter 7 petitions against both Debtors. On July 2, 2021, orders for relief and to convert the Seller's cases from chapter 7 to chapter 11 of the Bankruptcy Code were entered in the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("**Bankruptcy Court**"), assigned case no. 2:21-bk-12761-BB for AEG and with the ACTI Bankruptcy Case, the "**Bankruptcy Cases**").  Subsequent thereto, the Bankruptcy Court entered orders appointing the Trustee as the chapter 11 trustee of the bankruptcy estate of AEG and as the chapter 11 trustee of the bankruptcy estate of ACTI.

B.    The Bankruptcy Cases were subsequently converted from chapter 11 to chapter 7, and the Trustee is now the chapter 7 trustee of both Debtors.

C.    The Trustee desires to sell, and Golo desires to purchase, the Litigation Claims (defined below).

### A G R E E M E N T

NOW, THEREFORE, the Parties agree as follows:

1.    **Purchase of Claims**

a.    Upon the terms and conditions herein, Seller shall sell, assign, transfer, convey and deliver to Buyer (the "**Sale**"), and Buyer shall purchase, acquire, accept and assume from Seller, all of Seller's right, title and interest in and to: all claims, causes of action, choses in action, rights of recovery and rights of set-off (whether choate or inchoate, known or unknown, contingent or non-contingent) capable of being asserted by or on behalf of the Debtors or their bankruptcy estates, against any persons or entities, including all claims under chapter 5 of the Bankruptcy Code (the "**Litigation Claims**").

b.    The purchase price for the Litigation Claims shall be $7,500 (the "Purchase Price").

2338675.3 - 32278.0002

     c.     The Sale shall be free and clear of all liens, claims, interests, and encumbrances, pursuant to Section 363(f) of the Bankruptcy Code.

     d.     The proceeds of the Sale shall be divided such that fifty percent of the Purchase Price is directed to AEG's estate and the remaining fifty percent shall be directed to ACTI's estate.

2.    **Bankruptcy Court Approval.** This Agreement and the terms set forth herein are expressly conditioned (and shall become effective) upon entry of Bankruptcy Court order approving the Sale in each of the Bankruptcy Cases. The Trustee shall file motion (the "**Sale Motion**") seeking such approval following Buyer's tender of initial funds.

3.    **Tender of Funds.** Within five (5) days of execution of this Purchase Agreement, Buyer shall tender the Purchase Price to the Trustee by cashier's check to the following address: Gregory K. Jones, Chapter 7 Trustee, 10100 N. Santa Monica Boulevard, #1400, Los Angeles, CA 90067.

4.    **Integration; Limited Effect.** This Agreement sets forth the entire agreement between the Parties related to its subject matter and supersedes all prior or contemporaneous agreements or understandings related to its subject matter.

5.    **Overbid.** This Agreement shall be subject to such overbids as the Trustee may accept, *provided that* (i) any overbidder must tender the full amount of the Purchase Price to the Trustee in immediately available funds at least 48 hours before the Sale Motion, and (ii) Buyer shall be entitled to a break-up fee of $500, to be paid from the proceeds of any successful overbid.

6.    **Authority.** Each Party represents and warrants he, she, or it has the full corporate power and authority to execute and deliver this Agreement.

7.    **Attorney's Fees.** Each Party to this Agreement will bear its own attorneys' fees and costs that it/he/she incurred, or will incur, in connection with this Agreement.

8.    **Choice of Law.** The laws of the State of California will govern the interpretation of the Agreement. The Agreement shall be enforceable by the Bankruptcy Court.

9.    **Advice of Counsel.** Each Party acknowledges and agrees that it had the opportunity to review this Agreement independently with legal counsel of its choice, and/or had the requisite experience and sophistication to understand, interpret, and agree to the particular language of the provisions in this Agreement.

10.    **Title and Captions.** The Parties have inserted the paragraph titles in this Agreement only as a matter of convenience and for reference, and the paragraph titles in no way define, limit, extend, or describe the scope of this Agreement or the intent of the Parties in including any particular provision in this Agreement.

11.    **Execution.** Although the Parties may execute this Agreement in more than one counterpart, each such originally signed counterpart constitutes an original, and all of them

2

constitute one and the same Agreement. The Parties agree that this Agreement may be executed and delivered by email and that any such signature shall be effective and binding on the party so signing.

12.    **Additional Documents.** The Parties agree to cooperate in the execution, in a timely manner, of any and all documents that are, or may be, necessary to give full effect to this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the date(s) set forth in the Preamble.

**DEBTORS**

**Advanced Environmental Group, LLC**
a California limited liability company

By: _____
Name: Gregory K. Jones
Title: Chapter 7 Trustee

**Advanced Cleanup Technologies, Inc.**
a California corporation

By: _____
Name: Gregory K. Jones
Title: Chapter 7 Trustee

**GOLO, LLC**
a California limited liability company

By: _____
Name: James Eleopoulos
Title: Chief Executive Officer

3

constitute one and the same Agreement. The Parties agree that this Agreement may be executed and delivered by email and that any such signature shall be effective and binding on the party so signing.

12.    **Additional Documents.** The Parties agree to cooperate in the execution, in a timely manner, of any and all documents that are, or may be, necessary to give full effect to this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement to be effective as of the date(s) set forth in the Preamble.

**DEBTORS**

**Advanced Environmental Group, LLC**
a California limited liability company

By: _____
Name: Gregory K. Jones
Title: Chapter 7 Trustee

**Advanced Cleanup Technologies, Inc.**
a California corporation

By: _____
Name: Gregory K. Jones
Title: Chapter 7 Trustee

**GOLO, LLC**
a California limited liability company

By: _____
Name: James Eleopoulos
Title: Chief Executive Officer

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd, Suite 1400, Los Angeles, CA 90067

A true and correct copy of the foregoing document MOTION OF CHAPTER 7 TRUSTEE FOR ORDER: (1)
AUTHORIZING SALE OF PRE-PETITION CLAIMS TO GOLO, LLC, FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES, SUBJECT TO OVERBID; AND (2) APPROVING OVERBID PROCEDURES;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGORY K. JONES IN SUPPORT THEREOF
will be served or was served (a) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>April 27,
2023</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jessica L Bagdanov**   on behalf of Interested Party Courtesy NEF
jbagdanov@bg.law; ecf@bg.law
**Jessica L Bagdanov**   on behalf of Creditor City of Long Beach a municipal corporation, acting by and through its
Board of Harbor Commissioners
jbagdanov@bg.law; ecf@bg.law
**Steve Burnell**   on behalf of Trustee Gregory Kent Jones (TR)
Steve.Burnell@gmlaw.com; sburnell@ecf.courtdrive.com; sburnell@ecf.inforuptcy.com; cheryl.caldwell@gmlaw.com;
denise.walker@gmlaw.com
**Leslie A Cohen**   on behalf of Debtor Advanced Environmental Group LLC
leslie@lesliecohenlaw.com; jaime@lesliecohenlaw.com; jessica@lesliecohenlaw.com
**Howard M Ehrenberg**   on behalf of Interested Party Courtesy NEF
Howard.Ehrenberg@gmlaw.com; hehrenberg@ecf.courtdrive.com; hehrenberg@ecf.inforuptcy.com;
Karen.Files@gmlaw.com; Maria.Viramontes@gmlaw.com
**Eryk R Escobar**   on behalf of U.S. Trustee United States Trustee (LA)
eryk.r.escobar@usdoj.gov
**Richard H Golubow**   on behalf of Petitioning Creditor Pacific6 Environmental LLC
rgolubow@wghlawyers.com; jmartinez@wghlawyers.com; svillegas@wghlawyers.com
**Alexander H Haberbush**   on behalf of Creditor Collier Family Properties LLC
ahaberbush@lbinsolvency.com; dhaberbush@lbinsolvency.com; vhaberbush@lbinsolvency.com;
abostic@lbinsolvency.com; haberbush.assistant@gmail.com; jborin@lbinsolvency.com; lbogard@lbinsolvency.com
**Asa S Hami**   on behalf of Trustee Gregory Kent Jones (TR)
asa.hami@gmlaw.com; ahami@ecf.courtdrive.com; patricia.dillamar@gmlaw.com; pdillamar@ecf.courtdrive.com
**Gregory Kent Jones (TR)**
gjones@sycr.com; smjohnson@sycr.com; C191@ecfcbis.com; cpesis@stradlinglaw.com
**Eve H. Karasik**   on behalf of Interested Party Delos Eco Barge II, LLC
ehk@lnbyg.com
**Jeffrey S Kwong**   on behalf of Interested Party Delos Eco Barge II, LLC
jsk@lnbyg.com; jsk@ecf.inforuptcy.com
**Daniel A Lev**   on behalf of Trustee Gregory Kent Jones (TR)
daniel.lev@gmlaw.com; cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
**Peter W Lianides**   on behalf of Petitioning Creditor Pacific6 Environmental LLC
plianides@wghlawyers.com; jmartinez@wghlawyers.com; svillegas@wghlawyers.com
**Crystle Jane Lindsey**   on behalf of Interested Party Courtesy NEF
crystlelindsey27@gmail.com
**David W. Meadows** on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com
**Douglas M Neistat**   on behalf of Interested Party Courtesy NEF
dneistat@gblawllp.com; mramos@gblawllp.com; tkrant@gblawllp.com
**Brian A Paino**   on behalf of Creditor IPFS Corporation
bpaino@mcglinchey.com; irvineECF@mcglinchey.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

**Matthew D. Resnik**   on behalf of Debtor Advanced Environmental Group LLC
Matt@rhmfirm.com; roksana@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com; priscilla@rhmfirm.com;
rebeca@rhmfirm.com; david@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; russ@rhmfirm.com
**Jeremy H Rothstein**   on behalf of Petitioning Creditor NEAA Inc.
 jrothstein@gblawllp.com; msingleman@gblawllp.com; mmcclintock@gblawllp.com
**Brandy A Sargent**   on behalf of Interested Party 4G Management Inc.
brandy.sargent@klgates.com; litigation.docketing@klgates.com; janna.leasy@klgates.com
**James R Selth**   on behalf of Interested Party Ruben Garcia
jselth@wztslaw.com; jselth@yahoo.com; maraki@wztslaw.com; sfritz@wztslaw.com
**James J Stoffel**   on behalf of Creditor Alberto Amiri
jstoffel@bsblaw.org; bbruno@bsblaw.org
**Douglas T Tabachnik**   on behalf of Creditor LBCT LLC
dtabachnik@dttlaw.com; rdalba@dttlaw.com
**United States Trustee (LA)**
ustpregion16.la.ecf@usdoj.gov
**Joseph A Walsh**   on behalf of Creditor Crowley Marine Services Inc.
joe.walsh@cwn-law.com
**Joseph A Walsh**   on behalf of Creditor Infinite Marine Investment Co. Ltd
joe.walsh@cwn-law.com
**Corey R Weber**   on behalf of Creditor City of Long Beach a municipal corporation, acting by and through its Board of
Harbor Commissioners
cweber@bg.law; ecf@bg.law
**Daniel J Weintraub**   on behalf of Interested Party Courtesy NEF
dweintraub@wztslaw.com; vinnet@ecf.inforuptcy.com
**Hatty K Yip**   on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov; hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:** On _____, I served the following persons and/or entities at the last known
addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows:

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 27, 2023, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows:

Overnight to:
The Honorable Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 27, 2023 | Christine Pesis | /s/ Christine Pesis |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**